**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 14-40760

In the Matter of:  HADLEY COHEN; MELINDA K. COHEN,

Debtors

------------------------------

HADLEY COHEN,

Appellant

v.

THIRD COAST BANK, SSB,

Appellee

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-610

Before REAVLEY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

The judgment of the district court is affirmed for the following reasons.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40760

Appellant concedes that his representations to the bank of his assets and liabilities were false.  The bankruptcy court trying the case found that the bank justifiably relied on the false representation to its damages, as found.

Plaintiff argues that the finding of reliance was clear error because the bank had knowledge of the risk of accepting the representations without conducting an investigation that would reveal the falsehood.  This court will not impose on banking officials this requirement.   Under all of these circumstances and the customary practice of lending institutions, it is necessary for them to be able to accept what Plaintiff signed as true.  The finding stands.

The Plaintiff also seizes on the language in the statute § 523(a)(2)(A), excluding discharge for "a statement respecting the debtor's or an insider's financial condition."  Because the borrowing base certificates are statements of financial condition, the argument is that for Plaintiff to be discharged the court has to go to the following statutory requirement and require a finding of reasonable reliance.   He misreads *Bandi v. Becanel* where this court distinguished statements that are only about general conditions of the borrower from specific falsifications on the ability to repay the lender, misstatements of inventory and denial of other secured creditors with priority – as was true here – that are not dischargeable.

AFFIRMED.